IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

```
ROY ADEY, WALTER ALLEN,
MICHAEL BAILEY, LARRY BARKLEY,
JOSEPH S. BUCHMELTER,
JEFFREY W. BURRIER, RONALD CONWAY,
MARK CRANE, TOM DiCARLANTONIO,
KEITH DICHAZI, DENNY GALOWNIA,
GEORGE GAUGHENBAUGH, RUSSELL GRAHAM,
MICHAEL HAWKINBERRY, RAYMOND HAYNES,
RICHARD HIRKALA, LARRY KEISTER,
LARRY KELLER, TERRY KNIGHT,
JAMES KRANAK, DONALD LONG,
ALAN LOWE, JAMES McCARDEL,
ROBERT McLAUGHLIN, RONALD MERRINGER,
PAUL MISCH, ROBERT MURRAY,
PATRICK NOSKO, MICHAEL PETERSON,
FRANK PORCO, LARRY POWELL,
BRADLEY RAVEAUX, FRANKLIN RECKNER,
HOMER RICHARDSON, JR., THOMAS ROMITTI,
MATT SATKOWSKI, JOHN SCHERICH,
BERNARD SMITH, ROGER L. SPARKS,
JOSEPH SPERLAZZA, BRETT THOMAS,
LAWRENCE TICE, ERIC L. TURNER,
GARY WEDGEWOOD, CLYDE WHIPKEY,
KEITH WHITE, RONALD WHITE,
RICHARD WILLIAMS and MICHAEL YOUNG,
adult individuals,

        Plaintiffs,

v.                                    Civil Action No. 5:07CV18
                                                        (STAMP)
PENSION BENEFIT GUARANTY CORPORATION,
a non-profit corporation,

        Defendant.
```

**<u>MEMORANDUM OPINION AND ORDER
REGARDING THE SCOPE OF DISCOVERY</u>**

I. <u>Procedural History</u>

The above-styled civil action is before this Court as a result of an order of transfer by the United States District Court for the Western District Court of Pennsylvania pursuant to 28 U.S.C.

§ 1406(a). The plaintiffs commenced this civil action on October 25, 2006, challenging decisions by the defendant that denied the plaintiffs access to pension benefits. On February 21, 2007, this Court entered an order granting a joint motion to stay because the parties agreed to proceed with a consolidated appeal of the plaintiffs' claims before the Pension Benefit Guaranty Corporation Appeals Board. When the consolidated appeal was unsuccessful in resolving the plaintiffs' claims, this Court lifted the stay in this matter and directed the defendant to file an answer or other responsive pleading so that this action could appropriately proceed.

This Court received the report of parties planning meeting on September 12, 2007, in which the parties stated that they disagreed upon the discovery that should be allowed and would be needed. On September 19, 2007, this Court entered an order establishing a briefing schedule for the parties to explain their respective positions regarding the appropriate standard of review and scope of discovery. Currently before this Court are the parties' timely cross-briefs and cross-responses. For the reasons set forth below, this Court holds that the proper standard of review in this action is the arbitrary and capricious standard and that additional discovery is not permitted.

## II. Facts

The plaintiffs in this action are forty-nine steelworkers ("plaintiff steelworkers") all employed by the Weirton Steel

Corporation. Each of these plaintiff steelworkers began working with the Weirton Division of the National Steel Corporation before October 31, 1973. Each was laid-off in the fall of 1981 and remained laid-off through January 11, 1984 when the Division was sold to the Weirton Steel Corporation. Each of these forty-nine steelworkers were called back into work in the spring of 2004.

The defendant, Pension Benefit Guaranty Corporation ("PBGC") is a wholly-owned federal corporation that administers a defined benefit pension plan termination insurance program created by Title IV of the Employee Retirement Income Security Act of 1974 ("ERISA"). Of the forty-nine plaintiff steelworkers, all were participants in the Weirton Steel Corporation Retirement Plan ("Plan") administered by the PBGC.

Effective as of October 21, 2003, PBGC and the plan administration entered into an agreement that terminated the Plan. At that time, PBGC issued individual benefit determinations to each of the plaintiff steelworkers, revising their start dates with the corporation to reflect their laid-off period between 1981 and 1984. Consequently, the plaintiff steelworkers were not eligible for pension benefits in 2003. Rather, with the revised start dates, the plaintiff steelworkers' eligibility to receive pension benefits does not commence for at least another ten years. The plaintiff steelworkers allege that this calculation is in error and has deprived each of them thousands of dollars owed to them in pension benefits.

The Pension Benefits Guaranty Appeals Board ("Appeals Board") issued a decision on June 15, 2007, reaffirming its initial decision and interpreting the Plan language to import a period of layoff for each of the plaintiff steelworkers between 1981 and 1984. The Appeals Board's decision makes the plaintiff steelworkers ineligible to receive pension benefits for at least another ten years.

III. Applicable Law

The Administrative Procedure Act ("APA") states that a "reviewing court shall . . . hold unlawful and set aside agency action, findings, and conclusions found" not to meet six separate standards. See 5 U.S.C. § 706(2)(A)-(F). The statute requires that agency action be set aside if such action was "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law," or if the action failed to meet statutory, procedural, or constitutional requirements. Id. at § 706(2)(A)-(D). In certain narrow situations, the agency action may also be set aside if it was not supported by "substantial evidence." Id. at §706(2)(E). In other equally narrow circumstances, the reviewing court may engage in a de novo standard of review and set the action aside if it was "unwarranted by the facts." Id. at § 706(2)(F).

In Camp v. Pitts, 411 U.S. 138, 142 (1973), the Supreme Court of the United States explained that "[i]n applying [the standards of § 706], the focal point for judicial review should be the administrative record already in existence, not some new record

4

made initially in the reviewing court." See also Florida Power & Light Co. v. United States Nuclear Regulatory Comm'n, 470 U.S. 729, 744 (1985) ("The reviewing court is not generally empowered to conduct a de novo inquiry into the matter being reviewed and to reach its own conclusions based on such an inquiry . . . The APA specifically contemplates judicial review on the basis of the agency record compiled in the course of informal agency action in which a hearing has not occurred."); Wilkins v. Baptist Healthcare Sys., Inc., 150 F.3d 609, 619 (6th Cir. 1998) ("[T]he district court should conduct a de novo review based solely upon the administrative record . . . The district court may consider the parties' arguments concerning the proper analysis of the evidentiary materials contained in the administrative record, but may not admit or consider any evidence not presented to the administrator.").

Despite this general rule of non-supplementation, however, courts have recognized certain circumstances in which additional discovery is permitted: "1) a failure in the record to explain administrative action as to frustrate judicial review; 2) a 'substantial showing' that documents considered or relied upon by the agency are absent from the record; 3) a need to supplement the record to explain or clarify technical terms or other difficult subject matter included in the record; and, 4) a showing of bad faith or improper behavior." Zeneca Inc. v. Shalala, 1999 U.S. Dist. LEXIS 12327 (D. Md. Aug. 11, 1999) (unpublished) (citing Pub.

5

Power Council v. Johnson, 674 F.2d 791 (9th Cir. 1982)). Nevertheless, these exceptions are "limited and narrow, as 'designation of the administrative record, like any established administrative procedure, is entitled to a presumption of administrative regularity.'" Id. (quoting Bar MK Ranches v. Yuetter, 994 F.2d 735, 740 (10th Cir. 1993) (internal citations omitted).

## IV. Discussion

The plaintiff steelworkers essentially make two arguments concerning why they are entitled to additional discovery in the proceedings before this Court. First, the plaintiff steelworkers argue that additional discovery is allowed because the de novo standard of review is the proper standard of review for PBGC benefit determinations. Second, they argue that even if de novo is not the proper standard of review, and this Court uses the arbitrary and capricious standard of review in conducting its judicial review, they are still entitled to additional discovery and supplementation of the record currently before this Court because the Appeals Board conducted inadequate fact-finding procedures. Thus, the plaintiff steelworkers request additional discovery addressing two topics: (1) the negotiation, drafting, and the intentions of the negotiators and drafters, of the Weirton Plan; and (2) the basis of PBGC's determination of the plaintiff

steelworkers' plan eligibility, as well as its decision to change the start dates with regard to the Plan.[1]

In response, PBGC argues that the record is complete and that the additional discovery that the plaintiff steelworkers seek relates to issues already properly considered by the Appeals Board. PBGC claims, therefore, that the appropriate standard of review of PBGC's benefit determination is the arbitrary and capricious standard, that this Court's judicial review is confined solely to the administrative record, and that no additional discovery is permitted.

After careful consideration, this Court finds that the proper standard of review in this case is the arbitrary and capricious standard and that additional discovery is not warranted.

A.   Standard of Review

The parties in this case dispute the standard of review that this Court should apply to review a pension benefit plan decision by the PBGC Appeals Board. Indeed, it is well-established law that decisions of the PBGC are controlled by the APA. PBGC v. LTV Corp., 496 U.S. 633, 655-56 (1990). Accordingly, PBGC decisions "generally are reviewable under the standard set out in the Administrative Procedure Act," and "[a] decision of the PBGC must be upheld unless it is 'arbitrary, capricious, an abuse of

---

[1] The plaintiff steelworkers also request additional discovery concerning the approval and execution of the Plan Termination Agreement entered into between PBGC and the plan administration on October 21, 2003. PBGC does not object to this additional discovery.

discretion, or otherwise not in accordance with law.'" Dycus v. Pension Benefit Guar. Corp., 133 F.3d 1367, 1369 (10th Cir. 1998) (citing § 706(2)(A)). See also Waters v. Pension Benefit Guar. Corp., 2002 WL 1775262 (E.D. Tenn. 2002) (unpublished) ("The standard of review for PBGC actions is whether the decision was 'arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law.' . . . [R]eview under the APA is limited to the administrative record in existence at the time of the decision under review.") (internal citations omitted). Because the plaintiff steelworkers are seeking judicial review of a PBGC plan determination, the proper standard of review is whether the decision was "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." § 706(2)(A).

This Court is not persuaded by the plaintiff steelworkers' argument that the PBGC's plan determination should be reviewed de novo because the determination required a legal conclusion concerning the Appeal Board's interpretation of a contract. In Burgin v. Office of Pers. Mgmt., 120 F.3d 494, 497 (4th Cir. 1997), the court made a distinction between factual decisions, which should be reviewed under an arbitrary and capricious standard, and those legal decisions which can be reviewed de novo:

> We show substantial deference to an agency's interpretations of its own regulations, relying on the agency's unique expertise and policymaking prerogatives. When the administrative interpretation is not based on expertise in the particular field, however, but is based on general common law principles, great deference is not required . . . . [When] the essential question is one of the interpretation of the contract's language, [it is] a

8

> question of law clearly within the competence of courts, and which we review de novo. With respect to factual matters to which the contract interpretation may be applied, we review only to determine if the agency's determination was arbitrary or capricious, although even this inquiry into the facts is to be searching and careful.

Id. at 497-98 (internal citations and quotations omitted). However, "if a pension plan itself gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan," the administrator's or fiduciary's decision is entitled to review under the deferential arbitrary and capricious standard." Dycus, 133 F.3d at 1369 (internal citations and quotations omitted). In Dycus v. Pension Benefit Guar. Corp., 133 F.3d at 1369, the court held that the district court correctly determined that the decisions of the PBGC were entitled to the deferential arbitrary and capricious standard of the APA. Indeed, the court began its analysis by noting that the pension plan specifically stated that the plan administrator had authority to "decide all questions concerning the application or interpretation of the provisions of the [p]lan." Id. at 1369. When the PBGC took over the plan as statutory trustee, it had authority "to do any act authorized by the plan . . . to be done by the plan administrator or any trustee of the plan." Id. (citing 29 U.S.C. § 1342(d)(1)(A)(I)).

In this case, the most recent Plan to which the plaintiff steelworkers were enrolled stated, in pertinent part, the following:

> The complete authority to control and manage the operation and administration of the Plan shall be placed in the Retirement Committee . . . The Retirement Committee shall have all powers and duties necessary or appropriate to operate and administer the Plan, including, but not limited to, the following specific functions:
>
> (1) Discretionary authority to construe and interpret the Plan and any ambiguities arising thereunder in accordance with uniform rules and regulations.
>
> (2) Discretionary authority to determine questions of fact, law, and mixed questions of fact and law.

AR-00299. When the Plan terminated on October 21, 2003, PBGC became the Plan's statutory trustee pursuant to both the Termination Agreement and 29 U.S.C. § 1342(c). AR-00520. With this authority as trustee, the pension plan itself then gave "the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan." Dycus, 133 F.3d 1367. Accordingly, the Appeals Board's determination is entitled to review under the deferential arbitrary and capricious standard and not the de novo standard generally used when an action involves the construction of the terms of a pension plan.

B. Additional Discovery

This Court is also not persuaded by the plaintiff steelworkers' argument that they are entitled to additional discovery because the Appeals Board erred in its fact-finding procedures. The plaintiff steelworkers have provided no evidence demonstrating that the record fails to explain the administrative action, that the Appeals Board relied upon documents that are now

absent from the record, that the record must be supplemented to explain technical terms or other difficult subject matter, or that the Appeals Board engaged in any improper behavior. See <u>Zeneca Inc.</u>, 1999 U.S. Dist. LEXIS 12327 (citing <u>Johnson</u>, 674 F.2d at 791). The plaintiff steelworkers, citing <u>Florida Power & Light Co. v. Lorion</u>, 470 U.S. at 744, indicate that discovery is permitted outside of the administrative record when (1) the record on its face fails to explain the agency action taken; (2) the record on its face appears to be incomplete; or (3) where it appears on the face of the record that the agency has failed to consider all factors. The plaintiff steelworkers allege that all three circumstances are present in this case because the PBGC failed to take testimonial evidence.

This Court, however, does not agree. First, the <u>Florida Power & Light Co. v. Lorion</u> opinion, 470 U.S. at 744, does not stand for the proposition for which the plaintiff steelworkers are citing it. That case states that if those circumstances exist then "the proper course, <u>except in rare circumstances</u>, is to remand to the agency for additional investigation or explanation. The reviewing court is not generally empowered to conduct a <u>de novo</u> inquiry into the matter being reviewed and to reach its own conclusions based on such an inquiry." <u>Id.</u> at 744 (emphasis added). The opinion does not state that discovery is permitted outside the administrative record when these circumstances are present. Additionally, the record is not incomplete on its face, and the Appeals Board did not

11

fail to consider all the factors when it did not hear any testimonial evidence from witnesses presented by the plaintiff steelworkers. The governing regulations for administrative review of agency decisions states that "[a]n opportunity to appear before the Appeals Board . . . and an opportunity to present witnesses will be permitted at the discretion of the Appeals Board." 29 C.F.R. § 4003.55. A PBGC brochure entitled "Your Right to Appeal" that was provided to the plaintiff steelworkers prior to their appeal states, "If you request a hearing or an opportunity to present witnesses, the Board will decide whether it is needed to resolve your case." (Pls.' Mem. Ex. A.) Finally, a February 2, 2007 letter that PBGC sent to the plaintiff steelworkers regarding their appeal read that "the Appeals Board's review will be based on the original submissions, any supplemental materials you or your clients provide, and PBGC records, including company records." AR-00111.

Yet, the plaintiff steelworkers have presented no evidence that they even requested the Appeals Board to hear additional information from witnesses. Waiving their opportunity to enlarge the record by failing to request the presentation of witnesses to the Appeals Board does not mean that the plaintiff steelworkers can now ask for supplemental discovery for the judicial review of the administrative agency's determination. See Kirchbaum v. U.S. Forest Service, 973 F. Supp. 585, 590 n.8 (W.D. Va. 1997) ("There is no evidence that [the plaintiff] ever provided the information,

and most of the documents which he now asks the court to consider were never submitted to the agency during the decision process. Practical considerations of agency expertise demand that evidence be presented to the agency rather than the generalist court."). Accordingly, this Court holds that additional discovery is not warranted in this case.

V. Conclusion

For the above-stated reasons, this Court DECIDES that the deferential arbitrary and capricious standard of review is the proper standard of review for this Court to review the decision of the PBGC Appeals Board. This Court also DECIDES that additional discovery, except as to the approval and execution of the Plan Termination Agreement entered into between PBGC and the plan administration on October 21, 2003 as noted on page seven of this memorandum opinion and order, is not permitted in this case and that judicial review of PBGC's determination concerning pension benefits as to the plaintiff steelworkers is limited to the administrative record currently before this Court.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.

DATED: October 24, 2008

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE